## Wytheville.

### PITSNOGLE v. COMMONWEALTH.

#### JUNE 20, 1895.

1. CRIMINAL PRACTICE—*Idem sonans*—"*Bolen*" for "*Bolden.*"—Whether or not two or more names are *idem sonans* may be determined by the court upon a mere comparison in cases free from doubt; in doubtful cases, or those dependent upon particular circumstances, the question may be submitted to a jury. "Bolen" is *idem sonans* with "Bolden."

2. CRIMINAL PRACTICE—*Indictment—Proof.*—Proof that the purchaser of a watch paid $30 for it, and that it was represented, when purchased, as a gold watch, is sufficient to sustain a charge in an indictment that a *gold* watch was stolen.

3. CRIMINAL PRACTICE—*Indictment—Larceny—Embezzlement.*—On an indictment for larceny, proof of embezzlement is sufficient to sustain the charge. Section 3716 of the Code.

4. CRIMINAL PRACTICE—*Appellate Court—Conflicting Evidence—Verdict.*—Where the evidence in a criminal case is conflicting, the appellate court cannot disturb the verdict of the jury as being contrary to the evidence.

Error to a judgment of the Hustings Court of the city of Roanoke, rendered January 15, 1893.

*Affirmed.*

The opinion states the case.

*James T. Hinton,* for the plaintiff in error.

*Attorney-General R. Taylor Scott,* for the Commonwealth.

KEITH, P., delivered the opinion of the court.

E. B. Pitsnogle was indicted in the Hustings Court of the city of Roanoke for the larceny of a gold watch of the value of $30, the property of Edmond Bolden.   For this offence he was, at a subsequent term, tried before a jury, found guilty as indicted, and his punishment fixed at fifteen days in jail and a fine of $15.

The first assignment of error is that the court erred in overruling the demurrer of petitioner to the indictment.   The indictment is in the usual form, and this objection cannot be sustained.

The second error assigned is that the court erred in overruling the defendant's motion to set aside the verdict on the ground that it was contrary to the law and evidence.   First, because, as it is alleged, there is a variance between the allegations of the indictment and the proof, inasmuch as the indictment states that the watch was stolen from "Edmond Bolden," while the evidence is that the party whose property was stolen was named "Ed. Bolen."   The rule, as stated in 1 Bishop on Criminal Procedure, sec. 689, is that "If the names may be sounded alike without doing violence to the power of the letters found in the variant orthography, the variance is immaterial."

In the 16th Volume of the American & Eng. Ency. of Law, page 126, it is said "that whether or not two or more names are *idem sonans* may be determined by the court upon a mere comparison, where the issue is free from doubt; but the modern and approved practice is to submit the question to a jury whenever there is an opportunity to do so, and where the correct sound appears at all doubtful or dependent upon particular circumstances."   In our judgment, the court might very safely have disposed of this objection without the assistance of the jury, but as it seems to have taken the even more unexceptional mode of determining the question, that of leav-

ing it to the jury, the result is still less the subject of complaint or of error.

It is alleged in the indictment that a gold watch was stolen, and it is claimed that there is no proof that it was of gold. Bolen, its owner, testifies that he gave $30 for the watch; that it was represented, when purchased by him, as a gold watch; and while there was no analysis or chemical test as to the metal of which it was made, this evidence would seem to be sufficient to justify the verdict of the jury upon this point.

The petitioner, however, relies more particularly upon the fact that the Commonwealth has failed to show the essential elements which constitute the crime of larceny. Much of the oral argument was devoted to the attempt to show that proof of embezzlement would not sustain a common law indictment for larceny. Whatever doubt may have existed upon this subject formerly, and however the rule may be in other courts, it is too well established in Virginia to be any longer the subject of controversy. Section 3716 of the Code says that if "any person * * * embezzle * * * any money, note, bill, check, order, draft, bond, receipt, bill of lading, or any other property which he shall have received for another * * * he shall be deemed guilty of the larceny thereof." In secs. 3714 and 3722 identical language (*mutatis mutandis*) is used with respect to receiving stolen goods and obtaining money under false pretenses. In *Anable's Case*, 24 Gratt. 563, it was held that,.upon an indictment for larceny, proof that the accused obtained money by false pretenses would sustain the indictment. It was argued there that the statute declaring that a person who obtained money or other goods under false pretences should be declared guilty of larceny ought to be construed as fixing the punishment of the offence, and not as changing the mode of the procedure or the form of the indictment; but Judge Christian in his opinion said: "Whatever may be the view of the court upon that

question, as an original proposition, it can not now be re-opened, and must be considered as *res adjudicata.*"

This principle was settled in *Dowdy's Case,* 9 Gratt. 727; was followed in *Leftwich's Case,* 20 Gratt. 716, and *Pierce's Case,* 21 Gratt. 722, thus fixing the judicial interpretation of the statute. Since then it has been followed in *Fay's Case,* 28 Gratt. 912, in *Dull's Case,* 25 Gratt. 965, and in *Shinn's Case,* 32 Gratt. 899. The laws of Virginia have, since these decisions, been codified, and the statutes in question re-enacted with this interpretation of the courts impressed upon them, and it must, therefore, now be considered as the settled law of this State that upon an indictment simply charging larceny the Commonwealth may show either that the subject of the larceny was received with a knowledge that it was stolen, or that it was obtained by a false token or false pre-tence, or that it was embezzled. Upon another point in *Anable's Case* Judge Moncure dissented, but upon this point the court was unanimous, and, in his dissenting opinion, he de-clares that with respect to false pretences, receiving stolen property, knowing it to be stolen, and embezzlement—the statutes using identically the same language—it was manifest that it was used in the same sense, and must receive the same construction in all. We are of opinion, therefore, that upon the indictment for larceny, proof of embezzlement is sufficient to sustain the charge.

But it is contended that the proof of embezzlement is in-sufficient. It appears that the defendant lent Edmond Bolden $6 for 30 days, and that, as security for the loan, he received in pawn Bolden's watch. The testimony of the defendant contradicts that of the Commonwealth in certain particulars, but the great weight of evidence sustains the contention of the Commonwealth, and, from that, it appears that Bolden pawned his watch with the defendant, who at the time gave a receipt which correctly stated the transaction; that he ap-

Opinion.

propriated the watch to his own use, and by falsely and fraudulently substituting another and different paper for the one originally executed, he attempted to convert a transaction which was originally a loan into a sale, and thereby vest the property of the watch in himself. We cannot conceive of evidence more conclusive of his guilt, if the witnesses who testify are worthy of belief. Their credibility was submitted to a jury, and the jury having found a verdict in accordance with their testimony, it is beyond the power of this court to disturb it.

We are of opinion that the judgment is without error, and that it must be affirmed.

AFFIRMED.