# Staunton.

## DUFF v. COMMONWEALTH.

### SEPTEMBER 19, 1895.

1. CRIMINAL LAW—*Indictment—Fraudulent Removal of Goods Levied or Distrained—Larceny.*—An indictment under section 3712 of the Code, for fraudulently removing goods which have been levied on or distrained, may be for larceny, or it may be framed on the language of the statute; but, if the latter, the indictment must describe the offence either in the terms of the statute, or in language substantially equivalent thereto.

Error to a judgment of the Corporation Court of the city of Buena Vista, rendered December 12, 1893, for a fine of $13.75 and costs.

*Reversed.*

The opinion states the case.

*B. B. Campbell* and *B. N. Bell,* for the plaintiff in error.

*Attorney-General R. Taylor Scott,* for the Commonwealth.

KEITH, P., delivered the opinion of the court.

W. P. Duff was indicted in the Corporation Court of the city of Buena Vista, in October, 1893, under section 3712 of the Code of Virginia, which provides that, "If any person fraudulently remove, destroy, receive, or secrete any goods and chattels that have been distrained or levied on, with intent to defeat such distress or levy, he shall be deemed

guilty of larceny thereof." He might have been indicted for larceny, and proof of the facts set out in the section just quoted would have been sufficient to sustain a conviction for that offence. This court has held that under the statutes declaring that persons guilty of receiving money under false pretences, embezzlement, receiving stolen goods, proof of the facts constituting these several offences is sufficient to sustain an indictment for larceny. See *Pitsnogle's Case*, 91 Va. 808, and authorities there cited.

The pleader, however, in this case preferred to frame his indictment upon the language of the statute, which it was entirely proper for him to do ; but in that case it was necessary to describe the offence created by the statute, either in the terms of the statute itself, or in language substantially equivalent thereto. The indictment in this case charges that a judgment was obtained against W. P. Duff in the name of Joseph Slough for the sum of $10.50 and $1.30 for costs ; that upon the judgment an execution issued, which was placed in the hands of Silas Nuckols, a constable in and for the city of Buena Vista, who, on the 17th day of December, 1892, levied the said execution upon a horse, a mare, and other property of the goods and chattels of W. P. Duff, and that afterwards, to-wit, on the day and year aforesaid, Duff, " with intent to defeat the levy aforesaid, the said mare, horse, and harness, so as aforesaid taken by the said Silas Nuckols, by virtue of the execution before mentioned, and in the custody of the said Silas Nuckols, constable as aforesaid, then being, from and out of the custody, and against the will of him, the said Silas Nuckols, then and there unlawfully and injuriously did remove, take, and carry away, the said execution for the sum before mentioned being due, nor any part thereof being paid ; and other wrongs to the said Silas Nuckols then and there did, to the great damage of the said Silas Nuckols, and against the peace and dignity of the Commonwealth of Virginia."

Opinion.

The gravamen of the offence created by the section under which the defendant was indicted is that the property levied upon was fraudulently removed, destroyed, received, or secreted, with intent to defeat the levy or distress. It was not enough to charge that the act was done unlawfully and injuriously, but it was necessary, as we think, either to frame the indictment so as to charge a larceny of the goods, or to follow substantially the language of the statute and charge the act as having been fraudulently done.

To this indictment there was a demurrer, which was overruled, the case tried, the defendant found guilty, and a fine imposed. We think the court erred in overruling the demurrer to the indictment, and for this reason the judgment complained of should be reversed, and the case should be remanded to the Corporation Court of the city of Buena Vista.

*Reversed.*