## Richmond

UNITED STATES FIRE INSURANCE COMPANY

V.

GEORGE G. MARTIN, T/A MARTIN'S CAFETERIA

September 11, 1981.

Record No. 791080.

Present: Carrico, C.J., Cochran, Compton, Stephenson, JJ. and Harman, S.J.

*Frank O. Meade (Meade, Tate & Daniel,* on brief), for appellant.
*Allan Garrett (Garrett, Garrett, Smith & Garrett,* on brief), for appellee.

PER CURIAM.

In this appeal, we consider whether lightning damage to air conditioner compressor units was a risk insured under a "Commercial Package" insurance policy.

The appellee, George G. Martin, Sr., operated a cafeteria in a Danville shopping center. The premises for Martin's Cafeteria were leased to Martin pursuant to a contract which obligated Martin to maintain and repair the heating, ventilating, and air conditioning equipment.[1] During the term of the lease, lightning struck and damaged two air conditioning compressors on the roof of the premises leased to Martin. These compressors, which, according to the record, were "built into the building" as a part of the air conditioning system, served the premises leased to Martin, who had neither installed them nor expended money on the original installation. Martin had the compressor units repaired at his

---

[1] Section 26 of the lease provided in pertinent part:
Tenant, at its sole cost and expense, shall operate, maintain and repair the heating, ventilating and air conditioning equipment including the making of all necessary replacements thereto throughout the term of this lease and any renewal thereof.

own expense for $2,715.76, and sought reimbursement for this expenditure from his insurer, appellant United States Fire Insurance Company. The insurer denied coverage, and Martin filed this action seeking $2,715.76 in damages. The trial court held that Martin's insurance contract provided coverage, and the insurer has appealed, challenging that ruling.

Martin claims coverage under several provisions of this tenant's commercial insurance contract, which negated coverage for physical damage to the building occupied by the tenant. The "Commercial Package" provided various coverages appropriate for a lessee of business property.

First, Martin contends that coverage was provided by the personal property damage provision of the contract.[2] But he concedes the compressors were fixtures. Thus, they were a part of the realty and were not "personal property owned by others." In addition, because the air conditioning compressors were not "made or acquired at the expense of the insured," the "Betterments" provision is inapplicable. Hence, coverage was not provided under the personal property provisions of the contract.

Second, Martin claims coverage under "Coverage C—Bodily Injury and Property Damage Liability." Coverage C provides that the insurer would pay "all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies." Exclusion (g) clearly exempts from coverage "liability assumed by the insured under any contract or agreement relating to such premises." While Martin's lease may have legally obligated him to repair the compressor units, exclusion (g) relieves the insurer of any obligation arising under the contract.[3]

---

[2] "Coverage B—Personal Property" provided in pertinent part:
When the insurance under this policy covers personal property, such insurance shall cover only business personal property owned by the insured . . . and *shall also cover the insured's interest in personal property owned by others to the extent of the value of labor and materials expended thereon by the insured;* all while in or on the described buildings. . . .

This coverage shall also include Tenant's Improvements and Betterments, meaning the insured's use interest in fixtures, alterations, installations or additions comprising a part of the buildings occupied but not owned by the insured *and made or acquired at the expense of the insured.* . . . [Emphasis added].

[3] Endorsement G-209 to the liability insurance provisions extended $100,000 coverage for damage to the buildings. It, however, also included an exemption of "liability assumed by the insured under any contract or agreement."

■ Finally, Martin suggests that Endorsement CF21, modifying the limits of liability under "Coverage C—Bodily Injury and Property Damage Liability," provides coverage.[4] The relevant portions of this endorsement clearly demonstrate that the clause upon which Martin relies was intended merely to set an aggregate limit of liability and was not intended to expand the number of risks covered by the policy. Subparagraph (2), moreover, concerns property damage occurring in the course of work performed by an independent contractor and expressly excludes maintenance work at the premises rented by the insured. The damage at issue in this case, of course, did not occur in the course of work performed by any independent contractor. Therefore, even if subparagraph (2) could be viewed as covering risks beyond those initially set forth in Coverage C, it would not provide a basis for concluding the insurer was liable in this case.

For the reasons stated, we hold the insured's loss was not covered by the policy in question. Thus, we will reverse the judgment of the court below and enter final judgment for the insurer.

*Reversed and final judgment.*

---

[4] The pertinent portions of Endorsement CF21 provide:
[T]he total liability of the Company for all damages because of all property damage *to which this coverage applies and described in any of the numbered subparagraphs below* shall not exceed the limit of property damage liability stated as "aggregate".

* * *

(2) all property damage arising out of and occurring in the *course of operations performed for the named insured by independent contractors* and general supervision thereof by the named insured, including any such property damage for which liability is assumed under any incidental contract relating to such operations, but this subparagraph (2) *does not include property damage arising out of maintenance or repairs at premises* owned by or *rented to the named insured.* . . . [Emphasis added].