UPON A REHEARING EN BANC
ANNUNZIATA, Judge.
On April 24, 2001, a unanimous panel of this Court reversed the conviction of appellant, Christopher Bruhn, for grand larceny. The panel found the evidence insufficient to demonstrate that Bruhn committed larceny in violation of Code § 18.2-95, the only crime charged in the indictment, because it failed to prove the victim ever possessed the alleged stolen property. Furthermore, the panel rejected the Commonwealth’s argument that proof of embezzlement is sufficient to sustain a conviction under an indictment for grand larceny. We stayed the mandate of that decision and reinstated the appeal. Upon rehearing en banc, we reverse the conviction and dismiss the indictment.
I.

PROCEDURAL HISTORY

On February 2, 2000, Bruhn was tried under an indictment charging that Bruhn did “take, steal and carry away property, *540 namely, United States currency, belonging to Old World Cabin[e]try, valued at $200.00 or more, -with the intent to permanently deprive the owner of the value thereof, in violation of Virginia Code § 18.2-95.” At the close of the Commonwealth’s case, Bruhn moved to strike the Commonwealth’s evidence. The trial court denied the motion. At the conclusion of all the evidence, defense counsel renewed the motion to strike the Commonwealth’s evidence, which the court again denied. The trial court found Bruhn guilty of grand larceny.
Before sentencing, Bruhn filed a motion to set aside the verdict, contending that the Commonwealth failed to prove that the victim possessed the allegedly stolen property, which is a necessary element of larceny. In response, the Commonwealth argued, for the first time, that the evidence at trial proved embezzlement and that the embezzlement statute, Code § 18.2-111, “states that embezzlement shall be deemed larceny.” The trial court denied the motion to set aside the verdict, stating, “I think the offense was proved.”
II.

Sufficiency of the Evidence to Support a Grand Larceny Conviction

For the reasons stated in the panel’s opinion, see Bruhn v. Commonwealth, 35 Va.App. 339, 343-44, 544 S.E.2d 895, 897 (2001), we hold that the evidence presented by the Commonwealth was insufficient to support a conviction for grand larceny in violation of Code § 18.2-95, as alleged in the indictment.
III.

Proof of Embezzlement to Support Grand Larceny Conviction

The Commonwealth argues in the alternative that, if Bruhn’s retention of the funds does not constitute larceny, *541 then it constitutes embezzlement, and that proof of embezzlement is sufficient to sustain a conviction on an indictment charging Bruhn with larceny.[1] Assuming, without deciding, that Bruhn was guilty of embezzlement, we hold that proof of embezzlement does not support a conviction under an indictment alleging larceny.
In Virginia, proof of the elements of a crime not alleged in an indictment will not support a conviction. See Baker v. Commonwealth, 225 Va. 192, 194-95, 300 S.E.2d 788, 789 (1983). As the Virginia Supreme Court recently explained in Commonwealth v. Dalton, our constitutions demand that the Commonwealth indict for the crime it intends to prosecute:
The Due Process Clauses of the Constitution of the United States and the Constitution of Virginia mandate that an accused be given proper notification of the charges against him. U.S. Const. amend. XIV; Va. Const. art. 1, § 8. Code § 19.2-220 provides, in pertinent part, that an indictment shall be “a plain, concise and definite written statement, (1) naming the accused, (2) describing the offense charged, (3) identifying the county, city or town in which the accused committed the offense, and (4) reciting that the accused committed the offense on or about a certain date.” An indictment, to be sufficient, must give an accused notice of the nature and character of the charged offense so the accused can make his defense. Satcher v. Commonwealth, 244 Va. 220, 231, 421 S.E.2d 821, 828 (1992).
259 Va. 249, 253, 524 S.E.2d 860, 862 (2000); see also United States v. Cruikshank, 92 U.S. 542, 557-58, 23 L.Ed. 588 (1875) (holding that the Sixth Amendment provides an accused the right to be informed of the nature and cause of the accusation (citations omitted)); Henson v. Commonwealth, 208 Va. 120, 125, 155 S.E.2d 346, 349 (1967) (noting that Article I, Section 8 *542 of the Virginia Constitution requires that an accused be apprised of the cause and nature of his accusation); Wilson v. Commonwealth, 31 Va.App. 495, 504, 525 S.E.2d 1, 5 (2000) (“An accused has a constitutional right, under both the United States and Virginia Constitutions, to be informed of the cause and nature of the accusation against him.” (citations and quotations omitted)).
In this case, Bruhn’s indictment notified him that he was being charged with grand larceny of property belonging to his employer, in violation of Code § 18.2-95; he was not charged with embezzlement. The Commonwealth did not propose any other theory for convicting Bruhn until it responded to defendant’s motion to set aside the verdict finding Bruhn guilty of grand larceny. The predicate for Bruhn’s motion was the Commonwealth’s failure to prove that the victim possessed the property alleged to have been stolen, a necessary element of larceny.
Thus, throughout his trial, Bruhn defended a charge of grand larceny, the only crime he had been accused of committing. In his defense, Bruhn presented evidence that his employer did not possess the property alleged to have been stolen and that there had been no “trespassory taking” of the property. See Maye v. Commonwealth, 213 Va. 48, 49, 189 S.E.2d 350, 351 (1972) (holding that larceny requires trespassory taking); Jones v. Commonwealth, 3 Va.App. 295, 301, 349 S.E.2d 414, 418 (1986) (“[I]n every larceny there must be an actual taking, or severance of the goods from the possession of the owner.” (internal quotations and citations omitted)). Clearly, the indictment did not provide Bruhn sufficient notice to adequately prepare to defend the accusations made against him. Satcher, 244 Va. at 231, 421 S.E.2d at 828; Sims v. Commonwealth, 28 Va.App. 611, 619, 507 S.E.2d 648, 652 (1998).
The Commonwealth argues, however, that proof of embezzlement has been sufficient to support a conviction for grand larceny in Virginia since the 1800s and, therefore, Bruhn’s indictment for larceny provided the constitutionally required *543 notice for an embezzlement conviction. See, e.g., Pitsnogle v. Commonwealth, 91 Va. 808, 811, 22 S.E. 351, 352 (1895) (“[U]pon an indictment simply charging larceny, the Commonwealth may show ... that the subject of the larceny was ... embezzled.”). We disagree. We find that subsequent amendments to the embezzlement statute changed that law so as to prohibit a conviction for larceny upon an indictment for larceny and proof of embezzlement.
In 1895, when the Supreme Court of Appeals decided Pitsnogle, Code § 3716 (1877) classified embezzlement as larceny for purposes of prosecution and conviction:
If any person ... embezzle[s] ... property which he shall have received for another, or for his employer, ... or by virtue of his office, trust, or employment, ... he shall be deemed guilty of larceny thereof.
Understandably, the Court held that proof of embezzlement sustained a conviction for larceny. Pitsnogle, 91 Va. at 811, 22 S.E. at 352.[2]
The General Assembly adhered to that classification of embezzlement until 1994. Prior to its amendment in 1994, the statute prohibiting embezzlement, Code § 18.2-111, explicitly allowed the Commonwealth to indict for simple larceny and obtain a conviction on that indictment by proving embezzlement at trial. Specifically, the pre-1994 statute provided that *544 one who committed the elements of embezzlement “shall be deemed guilty of larceny thereof, may be indicted as for larceny, and proof of embezzlement shall be sufficient to sustain the charge.” Code § 18.2-111 (1994). Upon demand by the defendant, the statute also required the Commonwealth to elect a specific charge upon which to proceed by filing a written statement of “the statute [it] intends to rely upon to ask for conviction.” Code § 18.2-111 (1994).
In 1994, however, the General Assembly amended the statute and deleted the language that permitted a defendant who had committed an embezzlement to be “indicted as for larceny.” The General Assembly further eliminated the phrase that made proof of embezzlement “sufficient to sustain” a larceny charge. The first sentence of the statute now provides that any person committing the described acts “shall be guilty of embezzlement.” Code § 18.2-111. In effect, the legislative amendment made the crime charged in the indictment consistent with the crime tried and proved, giving notice of the offense “with clearness and all necessary certainty, to apprise the accused of the crime with which he stands charged.” Cruikshank, 92 U.S. at 558. Because “[legislative amendments are presumed as intended to effect a change in the law,” Shaw v. Commonwealth, 9 Va.App. 331, 334, 387 S.E.2d 792, 794 (1990), we conclude that by eliminating these provisions, the General Assembly intended to change the law such that proof of embezzlement is no longer sufficient to sustain a larceny charge. See Beavers’ Administratrix v. Putnam’s Curator, 110 Va. 713, 717, 67 S.E. 353, 354 (1910) (“The common law ... remains in force, except in so far as it is changed by statute.” (citations omitted)); cf. John Wesley Bartram, Pleading for Theft Consolidation in Virginia: Larceny, Embezzlement, False Pretenses and § 19.2-28f 56 Wash. & Lee L.Rev. 249, 275, 279 (1999) (commenting that the “notable absentee]” of the codification of the Pitsnogle rule in the embezzlement statute indicates that “Virginia deems embezzlement to be larceny only for purposes of punishment”).
*545 The Commonwealth contends, however, that, in amending Code § 18.2-111, the legislature intended nothing more than to ehminate the provision requiring the Commonwealth to elect the charge it intended to prosecute, which was made unnecessary by the 1975 adoption of legislation giving defendants the right to request a bill of particulars. In essence, the Commonwealth suggests that the General Assembly “merely eliminated surplusage” from the statute and intended that courts continue to rely on a principle of law as expressed a century earlier in the common law. This broad, conclusory position regarding the purpose of the amendment fails to take into account all the amendatory language of the provision. Had the intent of the legislature been simply to ehminate, as duphcative, the right to demand notice of the specific charge upon which prosecution would proceed, it need not have deleted the language permitting an indictment for larceny where the offense to be tried and proved was that of embezzlement, nor added language that, upon proof of embezzlement, the conviction shall be that of embezzlement, not larceny, as it had been under the common law and the statute codifying it. Cf. Pitsnogle, 91 Va. at 811, 22 S.E. at 352.
The Commonwealth’s position also fails to consider that, in 1975 when the legislature adopted Code § 19.2-230 granting all criminal defendants the right to a bill of particulars, it did not ehminate the provision in Code § 18.2-111 giving larceny defendants the right to demand the specific larceny charge. Indeed, it was not until 1994, after the passage of nearly 20 years, that the legislature eliminated the election provision in Code § 18.2-111, supporting the conclusion that the legislature’s deletion of the election provision was generated by and followed from its amendment making the crime charged and the crime underlying the conviction one and the same.
Finally, in its analysis, the Commonwealth unduly emphasizes a clause in the second sentence, which states that “embezzlement shall be deemed larceny.” See Code § 18.2-111 (“Embezzlement shall be deemed larceny and upon conviction thereof, the person shall be punished as provided in [the *546 larceny code sections].”). This language must be construed within the context of the entire body of law prohibiting property crimes. See Campbell v. Commonwealth, 13 Va.App. 33, 38, 409 S.E.2d 21, 24 (1991) (considering seven statutes dealing with forgery to determine that phrase not employed in statute prohibiting forgery of a public document did not apply to that offense). Throughout the Code, in nearly twenty statutes, the General Assembly declares that persons found to have committed certain crimes against property “shall be deemed guilty of larceny,” or “shall be deemed guilty of the larceny.” That phrase is notably absent from the embezzlement statute. Rather, Code § 18.2-111 states that persons who embezzle “shall be guilty of embezzlement,” and subsequently states that embezzlement “shall be deemed larceny and upon conviction ... shall be punished as provided in § 18.2-95 or § 18.2-96.” As the Supreme Court noted in Klarfeld v. Salsbury, “[w]hen the General Assembly uses two different terms in the same act, it is presumed to mean two different things.” 233 Va. 277, 284-85, 355 S.E.2d 319, 323 (1987); accord Campbell, 13 Va.App. at 38, 409 S.E.2d at 24. Therefore, we presume that the legislature employed this phrase in the embezzlement statute to mean something different from the phrases it used elsewhere in the Code. Construing the clause in the context of the act as well as in relation to the specific provision, as amended, in which it is found, see Commonwealth Dept. of Motor Vehicles v. Wallace, 29 Va.App. 228, 233-34, 511 S.E.2d 423, 425 (1999), we conclude that the intent underlying this clause is to classify embezzlement as a larceny crime for the limited purpose of punishment according to the larceny statutes.
In short, we construe this penal statute strictly against the Commonwealth, Moyer v. Commonwealth, 33 Va.App. 8, 35, 531 S.E.2d 580, 593 (2000), and we conclude that the General Assembly intended the current version of Code § 18.2-111 to preclude conviction under an indictment for larceny on proof of embezzlement. Therefore, assuming, without deciding, that Bruhn was guilty of embezzlement, proof of embezzlement does not support his conviction under the in *547 dictment alleging larceny. See Gwaltney v. Commonwealth, 19 Va.App. 468, 473, 452 S.E.2d 687, 690 (1995) (noting that embezzlement requires proof of elements different from those of larceny). Because the Commonwealth failed to prove that Bruhn committed the crime charged in the indictment, we reverse the conviction and dismiss the indictment.

Reversed and dismissed.

. To prove embezzlement, the Commonwealth must prove Bruhn "wrongfully appropriated to [his] use or benefit, with the intent to deprive the owner thereof, the property entrusted to [him] by virtue of [his] employment or office.” Waymack v. Commonwealth, 4 Va.App. 547, 549, 358 S.E.2d 765, 766 (1987).

. Throughout the 19th century, the Court interpreted statutes with similar language as permitting indictments and convictions for larceny upon proof of the elements of other property crimes. See, e.g., Leftwich v. Commonwealth, 61 Va. (20 Gratt.) 716, 723 (1870) (construing chapter 192, section 49, which provided: "If a free person obtain by any false pretence or token from any person, ... he shall be deemed guilty of the larceny thereof.”), applied in Fay v. Commonwealth, 69 Va. (28 Gratt.) 912 (1877); Dull v. Commonwealth, 66 Va. (25 Gratt.) 965 (1875); and Anable v. Commonwealth, 65 Va. (24 Gratt.) 563 (1873); Dowdy v. Commonwealth, 50 Va. (9 Gratt.) 727 (1852) (construing Code 729, § 19, which provided that "a person knowingly receiving, or aiding in concealing stolen goods, shall be deemed guilty of larceny thereof'); Shinn v. Commonwealth, 73 Va. (32 Gratt.) 899 (1879) (convicting defendant of larceny, upon indictment for larceny and proof of embezzlement where statute provided "if any person shall ... embezzle ... he shall be deemed guilty of the larceny thereof”).