Present:  All the Justices

COMMONWEALTH OF VIRGINIA
                                        OPINION BY
v.  Record No. 020774        JUSTICE LAWRENCE L. KOONTZ, JR.
                                    November 1, 2002
CHRISTOPHER BRUHN

        FROM THE COURT OF APPEALS OF VIRGINIA


    In this appeal, we consider whether the Court of Appeals of

Virginia correctly determined that, as a result of amendments

enacted in 1994 to Code § 18.2-111, proof of embezzlement, as

defined by that statute, will not sustain a conviction under an

indictment charging grand larceny under Code § 18.2-95.

                            BACKGROUND

    We recount the facts in the light most favorable to the

Commonwealth, the party that prevailed at trial.  Turner v.

Commonwealth, 259 Va. 645, 648, 529 S.E.2d 787, 789 (2000).  In

February 1999, Barbara A. Farley contacted Christopher Bruhn and

asked him to refinish some antique furniture for her, as he had

done in the past.  Farley was not aware that Bruhn had recently

become an employee of Thomas J. Marzeros, who operated under the

trade name of Old World Cabinetry.  Although refinishing

antiques was not part of Marzeros' regular business, he allowed

employees to do personal work in his shop on their own time, but

he did not allow them to do "side jobs" for profit.

Marzeros accompanied Bruhn to Farley's home when Bruhn picked up the furniture. Bruhn and Marzeros performed the refinishing work together in Marzeros' workshop outside normal business hours. Bruhn, with Marzeros' knowledge, purchased supplies to refinish Farley's furniture at a cost of $82.55 on Old World Cabinetry's account.

After the work was completed, Bruhn delivered the furniture to Farley at her home. At that time, Bruhn presented her with a bill for $519 that Marzeros had generated for Bruhn on a computer. The bill did not identify a payee and made no mention of Old World Cabinetry. At Bruhn's request, Farley paid him with a check payable to Bruhn personally.

Marzeros made repeated inquiries to Bruhn concerning the payment due from Farley. Bruhn was evasive in his replies, fabricating various stories about having failed to receive payment from Farley or not having access to the payment. Marzeros contacted Farley several weeks later to request payment and learned that Farley had paid Bruhn directly. Marzeros telephoned Bruhn about the matter and tape-recorded the conversation. During the telephone call, Bruhn told Marzeros that he had the check from Farley and would give it to Marzeros, but Bruhn never did so.

On February 2, 2000, Bruhn was tried in a bench trial in the Circuit Court of Henrico County under an indictment charging

2

that he "did . . . take, steal and carry away property, namely, United States currency, belonging to Old World Cabin[e]try, valued at $200.00 or more, with the intent to permanently deprive the owner of the value thereof, in violation of Virginia Code § 18.2-95."  At the close of the Commonwealth's case, Bruhn moved to strike the Commonwealth's evidence, contending that it did not prove larceny.  The circuit court denied the motion.  At the conclusion of all the evidence, defense counsel renewed the motion to strike the Commonwealth's evidence, which the circuit court again denied.  Bruhn was found guilty of grand larceny.

Before sentencing, Bruhn filed a motion to set aside the verdict, contending that the Commonwealth failed to prove that the victim possessed the allegedly stolen property, which is a necessary element of larceny.  In response, the Commonwealth argued for the first time that the evidence at trial proved embezzlement and that Code § 18.2-111 "states that embezzlement shall be deemed larceny."  The circuit court denied the motion to set aside the verdict, stating, "I think the offense was proved."  Bruhn was sentenced to 12 months in jail with the entire sentence suspended on condition of his good behavior for three years.

Bruhn filed an appeal in the Court of Appeals, contending that the evidence in his trial was not sufficient to prove either grand larceny or embezzlement and that, even if the

3

evidence would prove the latter offense, the Commonwealth could not sustain an indictment for grand larceny upon proof of embezzlement.  A three-judge panel of the Court of Appeals agreed with Bruhn, reversed his conviction, and dismissed the indictment against him.  Bruhn v. Commonwealth, 35 Va. App. 339, 346, 544 S.E.2d 895, 898 (2001).  The Commonwealth sought a rehearing en banc, which the Court of Appeals granted, staying the mandate of the panel opinion.  Bruhn v. Commonwealth, 35 Va. App. 586, 546 S.E.2d 755 (2001).

Following argument before the Court of Appeals sitting en banc, a majority of the Court reversed Bruhn's conviction and dismissed the indictment against him.  The majority adopted the reasoning of the three-judge panel that the evidence was insufficient to support a conviction for grand larceny.  Bruhn v. Commonwealth, 37 Va. App. 537, 540, 559 S.E.2d 880, 882 (2002) (en banc).  Addressing the Commonwealth's contention that Code § 18.2-111 permitted the Commonwealth to prove embezzlement under an indictment charging larceny, the majority reasoned that amendments to Code § 18.2-111 in 1994 altered the law in such a way that the former practice of permitting the Commonwealth to prove embezzlement under an indictment charging larceny was no longer valid.  Id. at 546-47, 559 S.E.2d at 884-85.

One judge dissented, contending that the 1994 amendments to Code § 18.2-111 merely eliminated the requirement that the

4

Commonwealth elect a statutory theory upon motion of the defense where an indictment charged larceny. The dissent concluded that the availability of a bill of particulars as the result of the 1975 enactment of Code § 19.2-230 had rendered this provision unnecessary, and that the continued association of embezzlement with larceny within the overall scheme of property crimes permitted the Commonwealth to bring an indictment for the latter offense where it intended to prove the former. Id. at 547-56, 559 S.E.2d at 885-90 (Bumgardner, J., dissenting). We awarded the Commonwealth this appeal.

### DISCUSSION

As did the majority of the Court of Appeals sitting en banc, we also agree with the reasoning of the three-judge panel that the evidence adduced at trial was insufficient to prove grand larceny under the common law definition of that crime because there was no proof of a trespassory taking. Maye v. Commonwealth, 213 Va. 48, 49, 189 S.E.2d 350, 351 (1972). Additionally, we will also assume, without deciding, that the evidence previously recounted was sufficient to prove that Bruhn was guilty of embezzlement. Accordingly, the sole issue of concern here is whether the Court of Appeals erred in holding that the Commonwealth is no longer permitted to sustain an indictment for grand larceny by proving that the defendant

5

committed embezzlement.  We find no error in either the reasoning or result of that judgment.

Unquestionably, the Commonwealth is correct that prior to 1994, Code § 18.2-111 expressly stated that one who committed the acts constituting embezzlement "may be indicted as for larceny, and proof of embezzlement shall be sufficient to sustain the charge."  In addressing the crime of embezzlement this way, the General Assembly recognized the long-standing practice of permitting other unlawful takings, such as receiving stolen goods and theft by false pretenses, to be charged as larceny.  See Pitsnogle v. Commonwealth, 91 Va. 808, 811, 22 S.E. 351, 352 (1895), and cases cited therein.

In 1994, however, the General Assembly amended Code § 18.2-111 and deleted the language that permitted a defendant who had committed embezzlement to be "indicted as for larceny."  The amendments further eliminated the phrase that made proof of embezzlement "sufficient to sustain the charge" of larceny and the requirement that the Commonwealth elect, upon motion of the defendant, the specific statutory theory of the crime of larceny it intended to rely upon for a conviction.  The first sentence of the statute now provides that any person committing the described acts "shall be guilty of embezzlement."  Code § 18.2-111.  The only reference to larceny in Code § 18.2-111 is in its second sentence, which now states, "[e]mbezzlement shall be

6

deemed larceny and upon conviction thereof, the person shall be punished as provided in [the larceny code sections]."

We concur with the view expressed by the majority of the Court of Appeals that these amendments were not merely intended to eliminate "surplusage" from Code § 18.2-111 as the result of the 1975 enactment of Code § 19.2-230 giving defendants the right to request a bill of particulars. "As a general rule, a presumption exists that a substantive change in law was intended by an amendment to an existing statute." Virginia-American Water Co. v. Prince William County Service Authority, 246 Va. 509, 517, 436 S.E.2d 618, 622-23 (1993); see also Dale v. City of Newport News, 243 Va. 48, 51, 412 S.E.2d 701, 702 (1992); Richmond v. Sutherland, 114 Va. 688, 693, 77 S.E. 470, 472 (1913). Thus, in construing a statute that has been amended by the General Assembly, we presume that the legislature acted with full knowledge of the law as it affected the subject matter. See Cape Henry Towers, Inc. v. National Gypsum Co., 229 Va. 596, 600-01, 331 S.E.2d 476, 479 (1985).

It is our task, as it was for the Court of Appeals, to adopt a construction that gives import to the legislative purpose and the words used. See Van Geuder v. Commonwealth, 192 Va. 548, 554, 65 S.E.2d 565, 568 (1951). Contrary to the view taken by the dissent below, the 1994 amendments were not narrowly tailored to eliminate unneeded language, but

7

constituted a complete reformulation of the statute.  Most particularly, the elimination of the permissive provision that embezzlement could be "indicted as for larceny" evinces a clear legislative intent to prohibit that former practice and require specificity in the indictment.

Finally, we concur with the view of the majority of the Court of Appeals that the continued association of embezzlement and larceny in the second sentence of Code § 18.2-111 is to "classify embezzlement as a larceny crime for the limited purpose of punishment according to the larceny statutes."  Bruhn 37 Va. App. at 546, 559 S.E.2d at 885.  Accordingly, we hold that there can be no question that the Commonwealth failed to prove that Bruhn committed the crime charged in the indictment.

CONCLUSION

For these reasons, we will affirm the judgment of the Court of Appeals reversing Bruhn's conviction and dismissing the indictment for grand larceny.

Affirmed.