COURT OF APPEALS OF VIRGINIA

Present:  Judges Frank, Humphreys and Chafin
Argued at Chesapeake, Virginia


FRANCIS ANYOKORIT MASIKA

                                                          OPINION BY
v.        Record No. 0575-13-1                     JUDGE ROBERT P. FRANK
                                                          MAY 6, 2014
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                                 John W. Brown, Judge

                A. Robinson Winn, Deputy Public Defender (Office of the Public
                Defender, on brief), for appellant.

                Steven A. Witmer, Senior Assistant Attorney General (Mark R.
                Herring, Attorney General, on brief), for appellee.


        Francis Anyokorit Maskia, appellant, was convicted, in a bench trial, of failure to return

leased property in violation of Code § 18.2-118 and felony contempt[1] in violation of Code

§ 18.2-456.  On appeal appellant contends that because Code § 18.2-118, by its very terms, excludes

vehicles from the types of personal property subject to Code § 18.2-118, the trial court erred in

convicting him under that statute.  For the reasons stated, we reverse the judgment of the trial court.

                                        BACKGROUND

        Appellant and Triangle Rental Car (Triangle) entered into a written contract for appellant to

lease one of Triangle's vehicles for a single day rental.  Appellant did not return the vehicle on the

agreed-upon return date.  An employee of Triangle unsuccessfully attempted to contact appellant to

seek return of the vehicle.  Triangle sent a notice letter to appellant as required by Code

_____

        [1] The contempt conviction is not before us.

§ 18.2-118(B). The letter was returned.[2] The vehicle was returned to Triangle approximately two weeks later.

The trial court found the evidence sufficient to convict appellant under Code § 18.2-118. This appeal follows.

ANALYSIS

Appellant maintains the trial court erred in convicting him under Code § 18.2-118, as that section specifically excludes vehicles from the provisions of the statute. On appeal, appellant does not contest that he failed to return a rented vehicle or that the evidence would be insufficient to establish that he violated Code § 18.2-117. Rather, his argument is that he did not violate Code § 18.2-118. Appellant concedes that he never raised that issue below. He asserts the "ends of justice" exception to Rule 5A:18 permits us to address his assignment of error.

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998) (citing Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991)); see also Rule 5A:18.

However, Rule 5A:18 provides for consideration of a ruling by the trial court that was not objected to at trial "to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. "'The ends of justice exception is narrow and is to be used sparingly'" when an error at trial is "'clear, substantial and material.'" Redman v. Commonwealth, 25 Va. App. 215, 220-21, 487 S.E.2d 269, 272 (1997) (quoting Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 10-11 (1989)). "In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." Id. at 221, 487

---

[2] Appellant does not contest that Triangle complied with the notice provisions of the statute.

S.E.2d at 272 (citing Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987)).

> In order to show that a miscarriage of justice has occurred, an appellant must demonstrate more than that the Commonwealth *failed* to prove an element of the offense. . . . [T]he appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur.

Id. at 221-22, 487 S.E.2d at 272-73 (emphasis in original).

In order to avail himself of this exception to 5A:18, the appellant must "'affirmatively show [that] . . . that the error [was] clear, substantial and material.'" Bazemore v. Commonwealth, 42 Va. App. 203, 219, 590 S.E.2d 602, 610 (2004) (quoting Brown, 8 Va. App. at 132, 380 S.E.2d at 11 (alterations in original)).

Our inquiry, then, is whether "manifest injustice" occurs when an accused is convicted of conduct excluded from the statute under which he was charged. In order to make that determination, we must delve into the facts of the case and analyze them in the context of Rule 5A:18.

In examining a case for miscarriage of justice, we do not simply review the sufficiency of the evidence under the usual standard, but instead determine whether the record contains affirmative evidence of innocence or lack of a criminal offense.

> Our Supreme Court has limited the "'[a]pplication of the ends of justice exception [to cases where] the judgment of the trial court was error and application of the exception is necessary to avoid a grave injustice or the denial of essential rights.'" Rowe v. Commonwealth, 277 Va. 495, 503, 675 S.E.2d 161, 165 (2009) (quoting Charles v. Commonwealth, 270 Va. 14, 17, 613 S.E.2d 432, 433 (2005)). The language used by our Supreme Court indicates that there are two distinct requirements that [appellant] must meet before we can apply the ends of justice exception: (1) that the trial court erred, and (2) that a grave or manifest injustice will occur or the appellant will be denied essential rights.

Brittle v. Commonwealth, 54 Va. App. 505, 512-13, 680 S.E.2d 335, 339 (2009).

Both requirements are essential, because if a trial error is always considered manifest injustice, Rule 5A:18 would be absorbed into this exception. See Redman, 25 Va. App. at 221, 487 S.E.2d at 272. In that case, any issue, regardless of whether it was properly preserved, would be subject to appellate review, and Rule 5A:18 would be meaningless.

> The burden of establishing a manifest injustice is a heavy one, and it rests with the appellant. We have previously held that the appellant must demonstrate more than that the Commonwealth *failed* to prove an element of the offense. . . . In order to show that a miscarriage of justice has occurred, . . . the appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur.

Brittle, 54 Va. App. at 514, 680 S.E.2d at 340 (citing Redman, 25 Va. App. at 221-22, 487 S.E.2d at 273) (emphasis in original).

The non-offense prong of the ends of justice analysis is similar to a legal impossibility analysis. It is clear from our jurisprudence that factual impossibility is not a defense to a crime, but legal impossibility is. Hix v. Commonwealth, 270 Va. 335, 344, 619 S.E.2d 80, 85 (2005).

Legal impossibility occurs when a defendant's actions would not constitute a crime, even if they were carried out fully and exactly as he intended. Factual impossibility arises when a defendant's actions are proscribed by the criminal law, but the defendant is prevented from bringing about the intended result due to a fact or circumstance unknown to him. See Parham v. Commonwealth, 2 Va. App. 633, 636, 347 S.E.2d 172, 173-74 (1986). "Traditional analysis recognizes legal impossibility as a valid defense but refuses to recognize factual impossibility." Id. at 636, 347 S.E.2d at 174 (citing United States v. Oviedo, 525 F.2d 881, 883 (5th Cir. 1976)).

The Supreme Court of Virginia was presented with a classic example of legal impossibility in Foster v. Commonwealth, 96 Va. 306, 31 S.E. 503 (1898). In that case, a boy under the age of fourteen was charged with the crime of rape. There was a conclusive presumption under the common law that a child under fourteen lacked the capacity to commit

rape or to attempt to commit rape, regardless of the facts. Id. at 307, 31 S.E. at 504. The Court concluded that the underage defendant was legally unable to commit the substantive crime or be convicted of the attempt. Id. at 311, 31 S.E. at 505.

In Michaels v. Commonwealth, 32 Va. App. 601, 529 S.E.2d 822 (2000), the appellant was summarily convicted of contempt of court, in violation of Code § 18.2-456(5), for failing to transport an inmate to a mental hospital for an inpatient psychological evaluation. Id. at 603, 529 S.E.2d at 823. The trial court's continuance order implied that the inmate should go to a mental hospital for a psychological evaluation, yet the order never directed anyone to take him there. Id. at 605, 529 S.E.2d at 824. The trial court issued an order to show cause to Deputy Michaels to explain why he did not transport the inmate to the mental hospital. The testimony at the show cause hearing demonstrated that Michaels was never ordered to transport the inmate anywhere and that, in fact, he never transported the inmate anywhere. Id. at 609, 529 S.E.2d at 826. In reversing his conviction, we noted that Michaels was convicted of a crime that was legally impossible to commit.

Bruhn v. Commonwealth, 264 Va. 597, 570 S.E.2d 866 (2002), is helpful to our analysis. In Bruhn, the accused was tried and convicted of grand larceny. The Supreme Court of Virginia agreed with the reasoning of this Court and found the evidence insufficient to prove there was a trespassory taking, concluding that "the Commonwealth is no longer permitted to sustain an indictment for grand larceny by proving that the defendant committed embezzlement." Id. at 601, 570 S.E.2d at 868.

In Ball v. Commonwealth, 221 Va. 754, 273 S.E.2d 790 (1981), Ball was convicted of capital murder and sentenced to life in prison. Id. at 755-56, 273 S.E.2d at 790-91. The indictment charged Ball with the willful, deliberate, and premeditated killing of another "in the commission of robbery while armed with a deadly weapon," in violation of Code § 18.2-31(d).

Id. at 756, 273 S.E.2d at 791. The Court concluded that "[t]he evidence, construed in the light most favorable to the Commonwealth, showed that [the victim] was killed during an attempted robbery, rather than in the actual commission of robbery." Id. at 757, 273 S.E.2d at 792. As a result, "[u]nder the evidence, the only offense of which Ball could properly be convicted was felony murder of the first degree under [Code] § 18.2-32." Id.

The Court stated:

> Under Rule 5:21 [now Rule 5:25], we do not notice such errors except in those rare instances when it is necessary to enable us to attain the ends of justice. This is one of those instances. Ball has been convicted of a crime of which under the evidence he could not properly be found guilty.

Id. at 758-59, 273 S.E.2d at 793.

The same is true in this case. As in Bruhn and Ball, appellant was found guilty of a crime where the evidence demonstrated he could not be convicted. The Commonwealth cannot sustain a conviction under Code § 18.2-118 when the leased property that was not returned was a motor vehicle. In Bruhn, Bruhn could have been convicted of embezzlement if properly charged. In Ball, Ball could have been convicted of felony murder if properly charged. Here, appellant could have been convicted of violating Code § 18.2-117 if properly charged.

The Commonwealth contends appellant was properly convicted under Code § 18.2-118 and that the language of that statute excluding "property described in § 18.2-117" is limited only to *bailed* vehicles, etc. The Commonwealth makes a distinction between bailed property (Code § 18.2-117) and leased property (Code § 18.2-118), but offers no case law or other authority to support this argument.

Personal property is defined as "any movable or intangible thing that is subject to ownership and not classified as real property." Black's Law Dictionary 1233 (7th ed. 1999).

The Commonwealth contends if a vehicle is subject to a bailment, only Code § 18.2-117 applies. Otherwise, Code § 18.2-118 is the appropriate statute for failure to return leased property. The Commonwealth offers no case law or other authority to support this argument.

Under well-established principles, an issue of statutory interpretation is "'a pure question of law subject to *de novo* review.'" Crawford v. Haddock, 270 Va. 524, 528, 621 S.E.2d 127, 129 (2005) (quoting Horner v. Dep't of Mental Health, Mental Retardation, & Substance Abuse Servs., 268 Va. 187, 192, 597 S.E.2d 202, 204 (2004)).

> "When the language of a statute is unambiguous, we are bound by the plain meaning of that language. Furthermore, we must give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity. If a statute is subject to more than one interpretation, we must apply the interpretation that will carry out the legislative intent behind the statute."

Kozmina v. Commonwealth, 281 Va. 347, 349-50, 706 S.E.2d 860, 862 (2011) (quoting Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007) (citations omitted)).

In this case, appellant was charged under Code § 18.2-118, which states in part:

> A. Whenever any person is in possession or control of any personal property, by virtue of or subject to a written lease of such property, *except property described in § 18.2-117*, and such person so in possession or control shall, with intent to defraud, sell, secrete, or destroy the property, or dispose of the property for his own use, or fraudulently remove the same from the Commonwealth without the written consent of the lessor thereof, or fail to return such property to the lessor thereof within 30 days after expiration of the lease or rental property stated in such written lease, he shall be deemed guilty of the larceny thereof.

(Emphasis added).

Code § 18.2-117 states:

> If any person comes into the possession as bailee of any animal, aircraft, vehicle, boat or vessel, and fail to return the same to the bailor, in accordance with the bailment agreement, he shall be

deemed guilty of larceny thereof and receive the same punishment, according to the value of the thing stolen, prescribed for the punishment of the larceny of goods and chattels. The failure to return to the bailor such animal, aircraft, vehicle, boat or vessel, within five days from the time the bailee has agreed in writing to return the same shall be prima facie evidence of larceny by such bailee of such animal, aircraft, vehicle, boat or vessel.

The Commonwealth's entire argument ignores the laws of statutory interpretation. The property excluded in Code § 18.2-118 is precisely that personal property listed in Code § 18.2-117, i.e., "any animal, aircraft, vehicle, boat or vessel." Whether or not that property is subject to a bailment does not alter the nature of the property. A vehicle is a vehicle whether or not it is subject to a bailment. A bailment is simply a legal relationship between the owner of the property and the person having possession and control.[3] The language of Code § 18.2-118 is clear and unambiguous as to the property excluded under that statute. Nowhere in Code § 18.2-118 does the statute limit the type of property exempted from the statute based on the legal status or type of possession of that property.

Interestingly, a review of our Virginia jurisprudence reveals that cases involving failure to return leased furniture and electronic equipment are prosecuted under Code § 18.2-118. See Commonwealth v. McNeal, 282 Va. 16, 710 S.E.2d 733 (2011) (leased aluminum brake); McDowell v. Commonwealth, 57 Va. App. 308, 701 S.E.2d 820 (2010) (leased television), reversed on other grounds, 282 Va. 341, 718 S.E.2d 772 (2011); Compton v. Commonwealth, 22 Va. App. 751, 473 S.E.2d 95 (1996) (sawmill equipment); Miller v. Commonwealth, 7 Va. App.

---

[3] To establish a bailment, there must ordinarily be a delivery by the bailor and an acceptance by the bailee, but it is not necessary to have a formal contract or even an actual meeting of the minds. "Indeed, 'it is the element of lawful possession, however created, and duty to account for the thing as the property of another that creates the bailment, regardless of whether or not such possession is based on contract in the ordinary sense.'" Morris v. Hamilton, 225 Va. 372, 374-75, 302 S.E.2d 51, 52 (1983) (quoting K-B Corporation v. Gallagher, 218 Va. 381, 384, 237 S.E.2d 183, 185 (1977)). A bailee must have physical control over the property in question, as well as the intent to exercise that control, in order to have possession. See K-B Corporation, 218 Va. at 384, 237 S.E.2d at 185.

367, 302 S.E.2d 51 (1983) (video machine); Haley v. Commonwealth, No. 1268-12-3, 2013 Va. App. LEXIS 182 (Va. Ct. App. June 11, 2013) (leased television); Bert v. Commonwealth, No. 1499-10-1, 2011 Va. App. LEXIS 318 (Va. Ct. App. Oct. 18, 2011) (leased television); Byrum v. Commonwealth, No. 1201-09-1, 2010 Va. App. LEXIS 211 (Va. Ct. App. May 18, 2010) (leased jackhammer). None of these cases involves the failure to return a rental car.

In contrast, cases involving failure to return leased vehicles are prosecuted under Code § 18.2-117, formerly Code § 18.1-163. See Maye v. Commonwealth, 213 Va. 48, 189 S.E.2d 350 (1972); Reed v. Commonwealth, 62 Va. App. 270, 746 S.E.2d 81 (2013); Ketcham v. Commonwealth, 12 Va. App. 258, 403 S.E.2d 382 (1991); Malash v. Commonwealth, 3 Va. App. 243, 348 S.E.2d 868 (1986).

While none of these cases addresses the difference between Code §§ 18.2-117 and -118, it is clear that the failure to return a vehicle is prosecuted under Code § 18.2-117, and failure to return other property is prosecuted under Code § 18.2-118. We have found no cases that suggest otherwise.

We therefore conclude that failure to return a leased vehicle is within the purview of Code § 18.2-117, not Code § 18.2-118, and that appellant was convicted under the wrong statute. We thus conclude that based on the facts of this case, it was legally impossible for appellant to violate Code § 18.2-118. A manifest injustice occurred.

## CONCLUSION

Appellant was improperly convicted of conduct not proscribed by the statute under which he was charged. We therefore reverse his conviction and dismiss the indictment.

Reversed and dismissed.