COURT OF APPEALS OF VIRGINIA

Present: Senior Judges Annunziata, Frank and Petty

LAKORIE S. KEENE

v.      Record No. 0353-22-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
OCTOBER 25, 2022

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Jerrauld C. Jones, Judge

(Christopher T. Holinger; Golightly Mulligan & Morgan, PLC, on
brief), for appellant. Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Matthew P. Dullaghan, Senior
Assistant Attorney General, on brief), for appellee. Appellee
submitting on brief.

Counsel for appellant Lakorie S. Keene filed a brief on his behalf accompanied by a motion

for leave to withdraw in accordance with *Anders v. California*, 386 U.S. 738, 744 (1967). A copy

of that brief has been furnished to Keene with sufficient time for him to raise any matter that he

chooses. Keene has not filed any supplemental pleadings.

The trial court convicted Keene on guilty pleas of second-degree murder and concealment of

a dead body. The trial court sentenced Keene to forty-five years' incarceration, with all but

twenty-six years and seven months suspended. On appeal, Keene argues that the trial court erred by

accepting his guilty pleas. We have reviewed the parties' pleadings, fully examined the

proceedings, and determined the case to be wholly frivolous as set forth below.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Poole v. Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)).

On June 26, 2019, Keene and Alphonso Byrd were in the back room of a residence in the City of Norfolk. Vernita Marshall and another individual were in another bedroom. Someone knocked on the front door of the residence, and Marshall answered it. Marshall then informed Keene and Byrd that the person who knocked on the front door was "looking for Mr. Byrd." Keene "became agitated" and accused Byrd of "trying to set him up by having people come to his house." Byrd denied the accusation, and Keene grabbed him "by the neck with his left hand and pushed [him] into the corner" of the room. Keene also pulled out a "big knife" with his right hand. Keene then accused Byrd of "trying to play him" and stabbed Byrd in his neck.

That evening, the police received a report of a possible homicide. The police executed a search warrant at the residence and arrested Keene. The police also found Byrd's body inside of a trash can, concealed within a trash bag wrapped in an air mattress.

Keene was charged with second-degree murder in violation of Code § 18.2-32 and concealment of a dead body in violation of Code § 18.2-323.02. On October 1, 2021, Keene entered into a written plea agreement with the Commonwealth and agreed to plead guilty to both charges. In exchange, the parties agreed that Keene's active sentence "shall not be more than twenty-six (26) years and seven (7) months and not less than fifteen (15) years and eleven (11) months." In addition, Keene executed a form titled "Advice to Defendants Pleading Guilty," stating that "[n]o one connected with my arrest or prosecution, . . . or any other person . . . has threatened me or forced me to plead guilty, including my attorney." The form further stated that Keene was "entirely satisfied with the services of [his] attorney."

The trial court conducted a plea colloquy to determine whether to accept Keene's guilty pleas. In doing so, the trial court asked Keene whether he had any complaints against his attorney, to which Keene responded that they "had a couple of issues, but, like, we're good now." Keene then confirmed that he was ready to move forward in tendering his guilty pleas notwithstanding those issues. The trial court also asked Keene whether anyone had "forced [him], made [him], prevailed against [his] free will to enter [his] plea[s] of guilty," to which Keene responded "No, sir." Keene confirmed that he had reviewed the plea agreement with his attorney, that he understood it, and that he voluntarily signed it. After concluding the plea colloquy, the trial court accepted Keene's guilty pleas and convicted him of second-degree murder in violation of Code § 18.2-32 and concealment of a dead body in violation of Code § 18.2-323.02.

On February 4, 2022, the trial court sentenced Keene to a total of forty-five years' incarceration, with all but twenty-six years and seven months suspended. On March 4, 2022, Keene noted his appeal.

ANALYSIS

Keene contends that the trial court erred by finding that his guilty pleas were "informed and voluntary after he expressed to the court that he had a 'couple issues' with his trial counsel." Keene concedes that he did not preserve his arguments for appeal and requests that we consider his assignment of error under Rule 5A:18's ends of justice exception.

Under Rule 5A:18, "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." "The purpose of Rule 5A:18 is 'to alert the trial judge to possible error so that the judge may consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals

and mistrials.'" *Merritt v. Commonwealth*, 69 Va. App. 452, 459 (2018) (quoting *Fountain v. Commonwealth*, 64 Va. App. 51, 56 (2014)).

Rule 5A:18's "ends of justice" exception "is a narrow one, which is to be used 'sparingly when an error at trial is clear, substantial and material.'" *Id.* at 460 (quoting *Masika v. Commonwealth*, 63 Va. App. 330, 333 (2014)). "[T]o bring an argument within the exception 'a[n appellant] must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred.'" *Id.* (second alteration in original) (quoting *Redman v. Commonwealth*, 25 Va. App. 215, 221 (1997)). In doing so, "[i]t is never enough for the defendant to merely assert a winning argument on the merits—for if that were enough procedural default 'would never apply, except when it does not matter.'" *Winslow v. Commonwealth*, 62 Va. App. 539, 546 (2013) (quoting *Alford v. Commonwealth*, 56 Va. App. 706, 710 (2010)).

Keene has not affirmatively shown that a miscarriage of justice has occurred. Instead, the record shows that Keene had resolved his issues with his trial counsel and that he proceeded to tender his guilty pleas notwithstanding those prior issues. Moreover, contrary to Keene's claim on appeal that he was "pressured to plead guilty," Keene acknowledged, in writing and during his plea colloquy, that he had reviewed the plea agreement with his attorney, that he understood it, and that he voluntarily signed it. As nothing in the record demonstrates that Keene's guilty pleas were not informed and voluntary, Keene has failed to demonstrate that a miscarriage of justice has occurred, and Rule 5A:18 bars our consideration of his arguments on appeal.

CONCLUSION

Accordingly, we affirm the trial court's judgment and grant the motion for leave to withdraw. *See Anders*, 386 U.S. at 744. This Court's records shall reflect that Lakorie S. Keene is now proceeding without the assistance of counsel in this matter and is representing himself on any further proceedings or appeal.

*Affirmed.*