COURT OF APPEALS OF VIRGINIA

Present:   Judges Malveaux, Fulton and White
Argued by videoconference


ELIZABETH JOANNE HELTON

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0039-24-3           JUDGE MARY BENNETT MALVEAUX
                                                         SEPTEMBER 24, 2024

HENRY-MARTINSVILLE DEPARTMENT
 OF SOCIAL SERVICES


                    FROM THE CIRCUIT COURT OF HENRY COUNTY
                                 G. Carter Greer, Judge

            (Katerina Holland; Daniel, Medley & Kirby, P.C., on brief), for
            appellant.  Appellant submitting on brief.

            Jeremy E. Carroll (Brian H. Richardson; George A.H. Lyle, Henry
            County Attorney; Heath L. Sabin, Guardian ad litem for the minor
            children; Spilman Thomas & Battle, PLLC; Sabin Law Office, PC,
            on brief), for appellee.


        Elizabeth Joanne Helton ("mother") appeals the circuit court's final orders terminating

her residual parental rights under Code § 16.1-283(C).  Mother argues that the circuit court erred

in finding there was sufficient evidence to terminate her residual parental rights, and in denying

her motion to continue her trial.  For the following reasons, we affirm the circuit court's

judgment.

                                    I.  BACKGROUND[1]

        On appeal from the termination of parental rights, we "review the evidence in the light

most favorable to the party prevailing in the circuit court," in this case, the Henry-Martinsville

_____

        * This opinion is not designated for publication.  *See* Code § 17.1-413(A).

        [1] The record in this case was sealed, but this appeal necessitates unsealing relevant
portions of the record to resolve the issues mother raises.  Accordingly, "[t]o the extent that this

Department of Social Services (the "Department"). *Yafi v. Stafford Dep't of Soc. Servs.*, 69 Va. App. 539, 550-51 (2018) (quoting *Thach v. Arlington Cnty. Dep't of Hum. Servs.*, 63 Va. App. 157, 168 (2014)).

Mother and Derek S. Helton ("father") are the biological parents of S.H., K.H., and Z.H.[2] The Department became involved with the family in 2015 following complaints that the children had been allowed to wander away from home unsupervised. K.H. and S.H. entered foster care for the first time in 2016 after K.H., then four years old, was found walking alone on the side of the road at 4:30 a.m., barefoot and wearing only a t-shirt even though it was cold and raining. When questioned about the incident, mother and father admitted that they could not pass drug tests because they had smoked marijuana and mother took pain pills. The children were subsequently returned to their parents.

In April and May 2021, Z.H., then almost two years old, was found unsupervised in the roadway on two separate occasions. The Department removed all three children from their parents' custody and initially placed them with a neighbor as part of a safety plan. All three children entered foster care on May 12, 2021.

The Henry County Juvenile and Domestic Relations District Court (the "JDR court") adjudicated that Z.H. had been abused or neglected and that S.H. and K.H. were at risk of being abused or neglected. The JDR court entered dispositional orders approving the Department's foster care plans for the children with the primary goal of returning them home. The plans

---

opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case. The remainder of the previously sealed record remains sealed." *Levick v. MacDougall*, 294 Va. 283, 288 n.1 (2017). Additionally, we use initials, rather than names, to protect the privacy of the minors mentioned in this opinion.

[2] The circuit court also terminated father's residual parental rights; he separately appealed to this Court. *See Helton v. Henry-Martinsville Dept. of Soc. Servs.*, No. 0355-24-3 (Va. Ct. App. Sept. 24, 2024) (this day decided).

required mother to participate in parenting classes, complete a substance abuse assessment and a parenting psychological evaluation, and maintain contact with the Department about her financial, employment, and living status.

Later, the JDR court approved the Department's revised foster care plans updating the primary goal for the children to adoption, due to allegations that the children engaged in sexual behaviors they learned from a video mother and father watched. The court's orders noted that both parents were subject to a pending Child Protective Services investigation related to sexual abuse.

In December 2022, mother was charged with sexual abuse of K.H. The Department filed petitions to terminate mother's residual parental rights, which the JDR court denied.

The Department appealed to the circuit court, and the case was scheduled for trial. On January 31, 2023, mother moved for a continuance, asserting that her "pending felony charges stemming from the same facts and circumstances" as the termination proceedings would "limit her ability to defend herself" at the hearing. The circuit court granted father's separate request for a continuance and ordered that the hearing "shall be continued generally until [father's] criminal proceedings are concluded."[3]

At the trial on November 2, 2023, the circuit court denied mother's motion for a continuance.[4] Whitney Sligh, a Department social worker, testified that the children "were fearful of returning home and made statements complaining of the parents' behavior." Sligh further testified that mother was "cooperative at first with services," but the Department also

---

[3] The continuance order does not specifically address mother's motion, but it lists the case numbers for both mother's and father's cases and contains a signature block for mother's counsel.

[4] Pursuant to Rule 5A:8(c), mother submitted a written statement of facts in lieu of a transcript of the circuit court trial. The signed statement of facts' sole reference to mother's motion notes that "[a]t the hearing, the court denied the mother's motion for a continuance."

introduced as evidence foster care service plan reviews indicating mother was discharged from substance abuse treatment due to non-attendance and failed to attend all parenting classes. Mother did not visit the children after June 2022 and had no contact with any of them after summer 2022. Courtney Elhardt, the children's foster mother, testified that they "had sexualized behaviors, made inappropriate drawings[,] and as they opened up about past abuse by the parents became fearful of returning home." The Department introduced those drawings as exhibits, as well as foster care service plans documenting mother's role in their learning those behaviors and copies of mother's indictments for sexual abuse of K.H. The service plans also reflected that mother's only employment was working "odd jobs as they come," she had failed to provide the Department with an updated address, and she had "not had any contact with the children due to the . . . founded sexual abuse charges." Elhardt testified that the children "felt safe and secure after more than two years" in her home and had begun to thrive in foster care. Based on their observation of the children, Sligh and Elhardt opined—and the children's guardian ad litem agreed—that it was in the children's best interests to be adopted. Mother offered no evidence.

The circuit court terminated mother's residual parental rights under Code § 16.1-283(C)(2), finding mother had not remedied the circumstances that led to the children's continued foster care placement despite the Department's reasonable efforts. Mother did not object to that ruling. This appeal followed.

## II. ANALYSIS

On appeal, mother contends that the circuit court erred by finding sufficient evidence to support its termination of her residual parental rights and by denying her motion for a continuance.

A. Sufficiency of the Evidence

Rule 5A:18 provides, in pertinent part, that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." "To preserve an issue for appeal, the objecting party must state the objection and its grounds with specificity." *Pui Ho v. Rahman*, 79 Va. App. 677, 688 (2024). The purpose of this rule is "to protect the trial court from appeals based upon undisclosed grounds, to prevent the setting of traps on appeal, to enable the trial judge to rule intelligently, and to avoid unnecessary reversals and mistrials." *Maxwell v. Commonwealth*, 287 Va. 258, 273 (2014) (quoting *Brandon v. Cox*, 284 Va. 251, 255 (2012)). For that reason, "[i]f a party fails to timely and specifically object, he waives his argument on appeal." *Brittle v. Commonwealth*, 54 Va. App. 505, 512 (2009).

Here, the record before us does not allow us to determine whether mother preserved her first assignment of error for appellate review, because it does not indicate that mother timely objected to the circuit court's ruling terminating her residual parental rights. "[O]n appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of." *Eckard v. Commonwealth*, ___ Va. ___, ___ (Aug. 1, 2024) (quoting *Justis v. Young*, 202 Va. 631, 632 (1961)). "If the appellant fails to do this, the judgment will be affirmed." *Id.* at ___ (quoting *Justis*, 202 Va. at 632). This is so because "[w]e may act only upon facts contained in the record." *Browning v. Browning*, 68 Va. App. 19, 27 (2017) (quoting *Smith v. Commonwealth*, 16 Va. App. 630, 635 (1993)). Because mother did not note an objection to the circuit court's ruling on this record, her sufficiency challenge is waived under Rule 5A:18.

Mother specifically invokes the ends of justice exception in regards to her first assignment of error.[5] "Rule 5A:18 provides for [appellate] consideration of a ruling by the trial court that was not objected to at trial 'to enable the Court of Appeals to attain the ends of justice.'" *Masika v. Commonwealth*, 63 Va. App. 330, 333 (2014) (quoting Rule 5A:18). "'The ends of justice exception is narrow and is to be used sparingly' when an error at trial is 'clear, substantial and material.'" *Id.* (quoting *Redman v. Commonwealth*, 25 Va. App. 215, 220-21 (1997)). "This high standard is essential to buttress the principle that 'a litigant has the responsibility to afford a court the opportunity to consider and correct a perceived error before such error is brought to the appellate court for review.'" *Brittle*, 54 Va. App. at 513 (quoting *Williams v. Gloucester Sheriff's Dep't*, 266 Va. 409, 411 (2003)). In order to avail oneself of the ends of justice exception, an appellant "must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." *Masika*, 63 Va. App. at 333-34 (quoting *Redman*, 25 Va. App. at 221).

Mother cites no legal authority, and offers no argument, related to the applicability of the ends of justice exception. Rather, she argues that she "initially" complied with required services and that her "legal standing" with regards to the sexual abuse charges "qualifies as good cause to justify why she was unable to eliminate the need for ongoing foster care." These arguments address the merits of her waived assignment of error in that they speak to the legal standard for termination of residual parental rights under Code § 16.1-283(C)(2).[6] However, mother fails to

---

[5] Rule 5A:18 contains an additional exception "for good cause shown," but mother does not invoke this exception and we will not do so sua sponte. *See Williams v. Commonwealth*, 57 Va. App. 341, 347 (2010).

[6] Code § 16.1 283(C)(2) provides, in relevant part, that a court may terminate a parent's residual parental rights if it finds, based on clear and convincing evidence, that it is in the best interests of the child and that the parent, "without good cause," has been unwilling or unable to remedy the conditions which required continuation of the child's foster care placement.

address the question of whether we can apply the ends of justice exception to reach that issue. *Cf. Brittle*, 54 Va. App. at 514 ("The burden of establishing a manifest injustice is a heavy one, and it rests with the appellant."). Further, mother's arguments are not supported by any legal authority other than Code § 16.1-283(C)(2), which again relates to the merits of her assignment of error rather than the ends of justice exception. *See* Rule 5A:20(e) (requiring an appellant's opening brief to contain "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error"); *Barnes v. Barnes*, 64 Va. App. 22, 32 (2014) (noting that "[s]tatements unsupported by argument, authority, or citations to the record do not merit appellate consideration" (alteration in original) (emphasis omitted) (quoting *Buchanan v. Buchanan*, 14 Va. App. 53, 56 (1992))). Thus, we decline to apply the ends of justice exception to reach mother's first assignment of error.

## B. Motion for Continuance

Mother contends that, in denying her motion for a continuance, the circuit court prevented her from "put[ting] on a defense without compromising her fifth amendment rights." But, on the record before us, mother did not object to the circuit court's ruling on her motion. The written statement of facts notes only that "[t]he court denied the mother's motion for a continuance," and does not indicate that mother made any objection to this ruling. Our Supreme Court has recently reaffirmed "that it is 'incumbent upon the litigants to make an appellate record,' especially when the possibility of an appeal is anticipated." *Powell v. Knoepfler-Powell*, 303 Va. 236, 248 (2024) (quoting *LeMond v. McElroy*, 239 Va. 515, 520-21 (1990)). Since the record before us does not allow us to determine that mother preserved her second assignment of error for our review, it too is waived under Rule 5A:18. *See Brittle*, 54 Va. App. at 512; *see also Stokes v. Commonwealth*, 61 Va. App. 388, 396 (2013) ("Rule 5A:18 applies to bar even constitutional claims." (quoting *Farnsworth v. Commonwealth*, 43 Va. App. 490, 500 (2004))).

- 7 -

Additionally, mother has not invoked either of the rule's exceptions with respect to this assignment of error, and "we will not invoke them *sua sponte*." *Williams v. Commonwealth*, 57 Va. App. 341, 347 (2010).  Thus, we also cannot address mother's second assignment of error.

## III.  CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*