UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:  Judges Raphael, Lorish and Frucci

DONALD ARTHUR HERRINGTON

                                                          MEMORANDUM OPINION* BY
v.        Record No. 1545-24-4                           JUDGE LISA M. LORISH
                                                          FEBRUARY 18, 2025

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF STAFFORD COUNTY
Sarah L. Deneke, Judge

(Kevin W. Roach; Spencer, Meyer & Koch, PLC, on briefs), for
appellant.  Appellant submitting on briefs.

(Craig W. Stallard, Senior Assistant Attorney General), for appellee.
Appellee submitting.


Donald Herrington and the Commonwealth ask us to reverse his conviction for failure or

refusal to file an income tax return in violation of Code § 58.1-348 because the jury was

erroneously instructed on the elements of the offense.  While the trial court instructed the jury

that a person needed to file a tax return in 2009 if their "income" exceeded $11,250, in actuality,

the threshold was based on a person's adjusted gross income.  Both parties agree that

Herrington's adjusted gross income fell short.  We agree that this was error and that even if it

was not preserved, the ends of justice exception to Rule 5A:18 applies and Herrington's

conviction should be reversed.

                                BACKGROUND

In July 2012, Herrington was tried by jury on several charges, including the failure or

refusal to file an income tax return for the tax year 2009 in violation of Code § 58.1-348.

_____
* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

Herrington chose to represent himself at trial. *See Herrington v. Dotson*, 99 F.4th 705, 721 (4th Cir. 2024) (recounting the circumstances surrounding Herrington's self-representation).

The Commonwealth presented Adrian Lewis as an expert tax witness. Lewis had investigated Herrington's finances and compiled a forensic accounting of his assets and income. Lewis gathered information about the wages and unemployment benefits that Herrington received during the tax year 2009 and concluded that "2009 was also a failure to file, and Mr. Herrington did not have W-2 income. He did have unemployment income of $16,736.00, and there was rental income of $9,543.00. The threshold for 2009 is $11,250.00."

The Commonwealth proposed a jury instruction, Jury Instruction 13, which stated,

> [I]n Virginia, for the tax year 2009, a single person (not married),
> was exempt from taxation if he or she received or earned less than
> $11,250 in income for the tax year. Every single (unmarried)
> resident of Virginia that earned or received more than $11,250 in
> income during the 2009 tax year, was required to file a Virginia
> income tax return, on or before May 1, 2010.

Herrington did not object to this instruction, and the court adopted the instruction.

Another jury instruction proposed by the Commonwealth stated, "In a prosecution for a crime of failure to file an income tax return, the Commonwealth is not required to prove the precise amount of income that the defendant failed to report." Herrington objected to this instruction, arguing that the instruction

> has no verbiage in there about the adjusted gross portion of it, that
> that amount is supposed to be for the adjusted gross income and all
> it says is one specific amount, but the tax law states adjusted gross
> income, and that part is not in the verbiage and is not being
> calculated with that number.

The court granted the instruction over Herrington's objection.

The jury convicted Herrington of refusing or failing to file a tax return for tax year 2009 in violation of Code § 58.1-321, among other convictions not relevant here. Herrington was

sentenced to 12 months of active incarceration for this conviction, to run consecutively to the sentences he received for his other offenses.

At his sentencing hearing, Herrington raised the jury instruction issue again. He told the court that there was a problem with the instructions that "gave the particular amount for certain years whether or not you had to file a tax return and it was by gross income is what the jury instruction said[,] and I objected and said it was adjusted gross income." He explained that while the court had told him the proper income basis was gross income at the time of trial, he had "proof that it is adjusted gross income." The court responded:

> Mr. Herrington, your objection to the instruction is that it doesn't include the language dealing with adjusted gross income versus gross income, I heard that argument at the time that this instruction was presented at trial and I ruled then that I believed then and I still believe that instruction number twelve and instruction number thirteen are correct statements of the law in terms of instructing the jury on the threshold for the filing of an income tax return in the Commonwealth of Virginia. Your objection to the instructions twelve and thirteen, that objection is overruled, but your objection is preserved should you choose to appeal this decision.

Herrington asked the court to appoint counsel to help him file post-trial motions, and the court granted his request. The trial court also "suspend[ed] the execution of the sentence pending these post-trial motions" and informed Herrington that the suspension would make it such that "the time periods that begin running with the entry of the final order are no longer running." Herrington's appointed counsel filed a motion to set aside the verdict for the conviction, pointing out the allegedly erroneous jury instruction and arguing that Herrington could not have been convicted of violating Code § 58.1-348 for tax year 2009 because his adjusted gross income was lower than what would have required him to file a tax return. The court denied the motion.

Following trial, Herrington was appointed appellate counsel, who filed a petition for appeal to this Court. The petition alleged only that the trial court had abused its discretion in

giving Herrington an excessive sentence.  Appellate counsel also concurrently filed an *Anders* brief, stating that he believed the appeal lacked merit and asking to withdraw as counsel.  In response, Herrington filed a *pro se* supplement with this Court, urging the Court to consider several issues from his trial, including that he did not generate enough income in 2009 to be required to file a tax return.  This Court denied Herrington's petition for appeal and granted counsel's motion to withdraw.  *Herrington v. Commonwealth*, No. 1945-24-4 (Va. Ct. App. Nov. 5, 2013) (order).  The following year, the Supreme Court of Virginia refused Herrington's *pro se* petition for appeal and petition for rehearing.  *Herrington v. Commonwealth*, No. 140286 (Va. Sept. 2, 2014, Nov. 6, 2014) (orders).

Herrington filed a *pro se* petition for a writ of habeas corpus with the Supreme Court of Virginia in July 2015.  He raised several issues that his court-appointed counsel had failed to argue on direct appeal, including the jury instruction issue before this Court.  The Supreme Court of Virginia dismissed the petition, finding that Herrington's claim about the jury instruction was not raised on direct appeal and was therefore forfeited.  *Herrington v. Clark*, No. 150943 (Va. Mar. 2, 2016) (order).

Herrington then filed a petition for a writ of habeas corpus with the United States District Court for the Eastern District of Virginia.  That court dismissed Herrington's petition and denied a certificate of appealability, relying on the state-law procedural default outlined by the Supreme Court of Virginia.  *Herrington v. Clarke*, No. 1:16cv412 (AJT/MSN), 2017 U.S. Dist. LEXIS 7798, at *8-*11 (E.D. Va. Jan. 18, 2017).  Herrington appealed that ruling to the United States Court of Appeals for the Fourth Circuit, which vacated and remanded for reconsideration.  The Fourth Circuit found that the Supreme Court of Virginia had failed to consider Herrington's claim that appellate counsel was ineffective for failing to raise specific issues and directed the district court to address that claim.  *Herrington v. Clarke*, 699 F. App'x 158, 161 (4th Cir. 2017).

On remand, the district court denied Herrington's petition on the merits. Along with rejecting other claims not relevant to this appeal, the district court rejected Herrington's appellate ineffective assistance claim, concluding that he suffered no prejudice because none of his arguments were meritorious. *Herrington v. Clarke*, No. 1:16-cv-412 (AJT/MSN), 2020 U.S. Dist. LEXIS 180283, 126 A.F.T.R.2d (RIA) 2020-6275, at \*43 (E.D. Va. Sep. 29, 2020). After a second remand from the Fourth Circuit, *Herrington v. Clarke*, 856 F. App'x 475 (4th Cir. 2021), the district court finally dismissed Herrington's petition and denied a certificate of appealability. *Herrington v. Clarke*, No. 1:16cv412 (AJT/MSN), 2022 U.S. Dist. LEXIS 250763, at \*9 (E.D. Va. Jan. 11, 2022).

Herrington again appealed the district court's ruling to the Fourth Circuit, which granted a certificate of appealability on whether Herrington's counsel was ineffective for failing to raise the jury instruction issue on appeal. In that proceeding, the Commonwealth agreed that the jury instruction was erroneous and that Herrington's appellate counsel was ineffective. The Fourth Circuit issued a published opinion, agreeing with the parties and finding that Herrington's counsel was ineffective because the jury instruction was erroneous and Herrington was "actually innocent of the crime of failing to file a state tax return in 2009." *Herrington*, 99 F.4th at 721. Accordingly, the Fourth Circuit concluded that Herrington had met the standard for ineffective assistance of counsel in alleging that his appellate attorney had failed to challenge the instruction on direct appeal. *Id.* The court therefore reversed that part of the district court's decision and remanded to the district court "with instructions to issue a writ of habeas corpus unless, within a reasonable period of time the district court shall deem appropriate, Herrington is afforded a new state court appeal in which he may raise this claim that was erroneously omitted from his original appeal." *Id.* at 707. This Court granted Herrington a new direct appeal on the jury instruction issue. *Herrington v. Commonwealth*, (Va. Ct. App. July 31, 2024) (order).

- 5 -

ANALYSIS

Herrington alleges that the trial court delivered a jury instruction that included an erroneous statement of law. "As a general rule, the decision to grant or deny proffered instructions rests within the sound discretion of the trial court." *Calokoh v. Commonwealth*, 76 Va. App. 717, 728 (2023) (quoting *Sarafin v. Commonwealth*, 288 Va. 320, 325 (2014)). "[W]hether a jury instruction accurately states the relevant law," however, "is a question of law that we review de novo." *Id.* (alteration in original) (quoting *Watson v. Commonwealth*, 298 Va. 197, 207 (2019)).

It is undisputed that only those who had an adjusted gross income over $11,250 were required to file a tax return in 2009 and that a person's adjusted gross income does not include any unemployment income they received. *See* Code § 58.1-321(A) ("No tax levied pursuant to § 58.1-320 is imposed, nor any return required to be filed by: A single individual where the Virginia *adjusted gross income* minus the modification specified in subdivision 5 of § 58.1-322.03 for such taxable year is less than $11,250 for taxable years beginning on and after January 1, 2008, but before January 1, 2010." (emphasis added)); Code § 58.1-322.02 ("In computing Virginia taxable income pursuant to § 58.1-322, to the extent included in federal adjusted gross income, there shall be subtracted: . . . 17. Unemployment benefits taxable pursuant to § 85 of the Internal Revenue Code."). The trial court, therefore, committed an error of law by instructing the jury that those with "income" greater than $11,250 were required to file a tax return in 2009. *See Campbell v. Commonwealth*, 14 Va. App. 988, 994 (1992) ("A fundamental hallmark of a fair trial is that 'instructions . . . should inform the jury as to the law of the case applicable to the facts in such a manner that [the jury] may not be misled.'" (alterations in original) (quoting *Cooper v. Commonwealth*, 2 Va. App. 497, 500 (1986))).

- 6 -

It is also undisputed that the evidence presented at trial shows that Herrington's qualifying income did not exceed $11,250 for tax year 2009, so he was not required to file an income tax return and accordingly did not violate Code § 58.1-348 that year. Indeed, the Commonwealth's forensic accounting expert at trial testified that Herrington's only income in 2009 was unemployment income of $16,736 (which did not qualify as taxable income under the statute), and rental income of $9,543.

The Commonwealth argues that Herrington failed to preserve this argument for appeal as required by Rule 5A:18 since he did not object to the jury instruction that contained the alleged error of law, but concedes that the ends of justice exception applies here because its application is necessary to avoid a miscarriage of justice. Herrington, too, argues that the ends of justice exception applies here. "We 'do not allow parties to define Virginia law by their concessions.'" *Commonwealth v. Holman*, 303 Va. 62, 75 (2024). But we agree with the parties that Herrington is entitled to relief, regardless of whether he adequately preserved this error for appeal.

To preserve an issue for appeal, a litigant is required to make a contemporaneous objection in the trial court. Rule 5A:18 provides, in relevant part: "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." The purpose of the contemporaneous objection rule "is to avoid unnecessary appeals by affording the trial judge an opportunity to rule intelligently." *Maxwell v. Commonwealth*, 287 Va. 258, 264-65 (2014). We assume without deciding that Herrington failed to preserve his argument that the jury instructions were incorrect and that, had the jury been correctly instructed, the evidence was insufficient to support a conviction Code § 58.1-348.[1]

---

[1] "[J]udicial restraint dictates that we decide cases on the best and narrowest grounds available." *Shifflett v. Hill*, 82 Va. App. 367, 379 n.12 (2024) (quoting *Commonwealth v. White*,

Thus, we find that the ends of justice exception to Rule 5A:18 applies and that we may consider Herrington's assignment of error.

"'The ends of justice exception is narrow and is to be used sparingly,' and applies only in the extraordinary situation where a miscarriage of justice has occurred." *Holt v. Commonwealth*, 66 Va. App. 199, 209 (2016) (en banc) (quoting *Redman v. Commonwealth*, 25 Va. App. 215, 220 (1997)). "The burden of establishing a manifest injustice is a heavy one, and it rests with the appellant." *Id.* at 210 (quoting *Brittle v. Commonwealth*, 54 Va. App. 505, 514 (2009)). Application of the ends of justice exception requires proof of an error that was "clear, substantial and material." *Brown v. Commonwealth*, 8 Va. App. 126, 132 (1989). Moreover, the party claiming the exception must "affirmatively show [that] 'a miscarriage of justice [has] occurred, not . . . that a miscarriage *might* have occurred.'" *Id.* (alterations in original) (quoting *Mounce v. Commonwealth*, 4 Va. App. 433, 436 (1987)).

The most common situation in which this Court has applied the ends of justice exception in the criminal context is where "[the accused] was convicted for conduct that was not a criminal offense" or "the record . . . affirmatively prove[s] that an element of the offense did not occur." *Redman*, 25 Va. App. at 222.[2] "In examining a case for miscarriage of justice, we do not simply review the sufficiency of the evidence under the usual standard, but instead determine whether

_____

293 Va. 411, 419 (2017)). "The 'best' answer to a legal question is the one with which the least number of jurists would disagree or, in other words, the one with which the greatest number of jurists would agree." *Pae Nat'l Sec. Sols., LLC v. Constellis, LLC*, 83 Va. App. 252, 267 n.6 (2025) (quoting *Butcher v. Commonwealth*, 298 Va. 392, 396 (2020)). "The 'narrowest' answer to a legal question is the one affecting the least number of cases." *Id.* (quoting *Butcher*, 298 Va. at 396).

[2] We have also applied the exception where a sentence that exceeded the statutory maximum was imposed, *see, e.g.*, *Gordon v. Commonwealth*, 61 Va. App. 682 (2013); *Hines v. Commonwealth*, 59 Va. App. 567 (2012), and where an appellant's due process rights were violated, *see, e.g.*, *Allen v. Commonwealth*, 36 Va. App. 334 (2001); *Duck v. Commonwealth*, 8 Va. App. 567 (1989).

the record contains affirmative evidence of innocence or lack of a criminal offense." *Masika v. Commonwealth*, 63 Va. App. 330, 334 (2014).

We have explained that "[t]he non-offense prong of the ends of justice analysis is similar to a legal impossibility analysis." *Id.* at 335. "Legal impossibility occurs when a defendant's actions would not constitute a crime, even if they were carried out fully and exactly as he intended." *Id.* This is distinguishable from factual impossibility, where a defendant intends to commit a criminal act but fails to do so because of a "fact or circumstance unknown to him," which is not recognized as a defense in Virginia. *Id.*

Examples of legal impossibility abound in our ends of justice caselaw. In one such case, this Court applied the ends of justice exception where a man was charged with two counts of assault against a law enforcement officer, but the evidence showed that he had merely stood close to the officers and threatened them. *Bennett v. Commonwealth*, 35 Va. App. 442, 447 (2001). Thus, there was no overt act or attempt to harm either officer such that the requirements of the criminal statute under which he was charged were not met. *Id.* at 449-50. Even though the appellant had failed to preserve this argument at trial, this Court applied the ends of justice exception because he "was convicted for conduct that was not criminal." *Id.* at 448-49. Likewise, this Court applied the exception where a man was charged with escape from custody on a charge or conviction of a felony because the evidence showed that he had not been charged with a felony, which was an element of the offense. *Thomas v. Commonwealth*, 56 Va. App. 1, 5 (2010).[3]

---

[3] *See also Ali v. Commonwealth*, 280 Va. 665, 671 (2010) (applying the ends of justice exception where appellant was convicted of both robbery and larceny but there was no evidence of asportation without force and thus "an element of one of the crimes of which [he] was convicted did not occur"); *Jimenez v. Commonwealth*, 241 Va. 244, 251 (1991) (applying the exception where there was no evidence presented to support "a material element of the offense charged," the statutory requirement of written notice by certified mail); *Ball v. Commonwealth*,

Here, it was legally impossible for Herrington to have violated Code § 58.1-348, had the

jury been properly instructed. That statute applies only to an "individual or fiduciary required

221 Va. 754, 757, 758-59 (1981) (applying the exception where appellant was convicted of capital murder but the evidence showed that the victim was "killed during an attempted robbery, rather than in the actual commission of robbery" and thus he had "been convicted of a crime of which under the evidence he could not properly be found guilty"); *McKeon v. Commonwealth*, 211 Va. 24, 27 (1970) (applying the exception where appellant was convicted of exposing himself to a child and the Commonwealth had not "borne its burden of proving that the defendant with *lascivious intent* exposed his sexual or genital parts to the prosecuting witness," as required by the statute); *Wandemberg v. Commonwealth*, 70 Va. App. 124 (2019) (applying the exception where appellant was convicted of interfering with a 911 call and the lower court had made a factual finding that it could not be sure who disabled or destroyed the victim's phone); *Merritt v. Commonwealth*, 69 Va. App. 452 (2018) (applying the exception where appellant was convicted of failure to appear after she failed to show up for a probation revocation hearing when the statute did not apply to revocation proceedings); *Masika*, 63 Va. App. at 337 (applying the exception because "the Commonwealth cannot sustain a conviction under Code § 18.2-118 when the leased property that was not returned was a motor vehicle"); *Tooke v. Commonwealth*, 47 Va. App. 759, 766 (2006) (applying the exception where "appellant was convicted twice for conduct that was but one criminal offense"); *Johnson v. Commonwealth*, 20 Va. App. 547, 554 (1995) (applying the exception where appellant was convicted of use of a firearm in the commission of unlawful wounding and the "Code of Virginia contains no statute by which a defendant may be convicted of" such an offense); *Smith v. Virginia*, No. 0099-18-1, slip op. at 8, 2019 Va. App. LEXIS 119, at *11 (May 14, 2019) (applying the exception where appellant was charged with aiding, counseling, or procuring the burning of a dwelling house but the letter he wrote about the intended arson was confiscated by the jail before it could be mailed such that "an element of the offense did not occur"); *Martin v. Commonwealth*, No. 2658-08-3, slip op. at 4, 2009 Va. App. LEXIS 511, at *5 (Nov. 17, 2009) (applying the exception where a trial court rendered inconsistent verdicts, finding appellant guilty of use of a firearm in the commission of robbery, but not finding him guilty of robbery, thus finding "an element of the firearm offense, namely robbery that did not exist"); *Word v. Commonwealth*, No. 2660-07-3, 2009 Va. App. LEXIS 330 (July 21, 2009) (applying the exception where appellant was convicted of forging a public document because the allegedly forged document did not qualify as a public document); *Yancey v. Commonwealth*, No. 2638-06-1, slip op. at 9, 2008 Va. App. LEXIS 29, at *14 (Jan. 15, 2008) (applying the exception where appellant was convicted of obstruction of justice based on flight alone, which this Court and our Supreme Court have held is insufficient to satisfy the statute); *Wilson v. Commonwealth*, Record No. 2636-96-2, slip op. at 4, 1997 Va. App. LEXIS 672, at *5 (Nov. 4, 1997) (applying the exception where appellant was convicted of sexual battery but the unlawful touching was "accomplished by surprise, not by force," as required by the statute); *Taylor v. Commonwealth*, Record No. 0665-96-3, slip op. at 7, 1997 Va. App. LEXIS 251, at *8 (Apr. 22, 1997) (applying the exception where appellant was convicted of assault but his actions amounted to mere verbal threats); *Brown v. Commonwealth*, Record No. 0083-92-3, slip op. at 3, 1993 Va. App. LEXIS 233, at *4 (June 29, 1993) (applying the exception where appellant was convicted of uttering a forged check because "the evidence failed to show that the checks were forged and that [appellant] knew the checks were forged").

under this chapter to make a return of income." Code § 58.1-348. Because Herrington's adjusted gross income fell below the level at which he would have needed to file a tax return for tax year 2009, he was not "required . . . to make a return of income" and therefore, the statute did not impose any requirement on him. The trial court's error in instructing the jury thus resulted in Herrington's conviction for an offense he could not have committed. Such an error was "clear, substantial and material," and Herrington has carried his burden of "affirmatively show[ing] that 'a miscarriage of justice has occurred, not . . . that a miscarriage *might* have occurred." *Brown*, 8 Va. App. at 132 (second alteration in original) (quoting *Mounce*, 4 Va. App. at 436). *See also Campbell*, 14 Va. App. at 994 (applying the ends of justice because "[w]hen an instruction allows a jury to convict a defendant without proof of an essential and necessary element of the charged offense, the Commonwealth is not entitled to an appellate affirmance based solely on application of Rule 5A:18"). We therefore reverse Herrington's conviction of failure or refusal to file a tax return under Code § 58.1-348 and dismiss the indictment.[4]

## CONCLUSION

The trial court's judgment is reversed, the indictment is dismissed, and the case is remanded for further proceedings in accordance with this opinion.

*Reversed and remanded.*

---

[4] The Commonwealth acknowledges that "the interests of justice and judicial economy would be best served by reversing and dismissing the case. Remanding this matter for a new trial would be a futile act since the evidence is clearly insufficient to convict Herrington." We agree with this concession.